# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *For the Western District of New York*

---

**THE UNITED STATES OF AMERICA**

   -vs-

**RAMON GARCIA**
   a/k/a "El Diablo," and
**EMANUEL DE JESUS SOSA-LOPEZ,**
   a/k/a "Hector Barajas,"
   a/k/a "El Tuerto"

OCTOBER 2006 GRAND JURY
(Empaneled 10/21/06)

06-CR-6198L

Violation:
Title 21, United States Code, Section 846

## SUPERSEDING INDICTMENT

### COUNT ONE

### The Grand Jury Charges That:

Between in or about 2001 and in or about July 2006, in the Western District of New York and elsewhere, the defendants, **RAMON GARCIA a/k/a "El Diablo,"** and **EMANUEL DE JESUS SOSA-LOPEZ, a/k/a "Hector Barajas," a/k/a "El Tuerto,"** did knowingly, willfully and unlawfully conspire, combine, confederate and agree with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**All in violation of Title 21, United States Code, Section 846.**

## FORFEITURE ALLEGATION

As a result of conviction of Count One of this Indictment, the allegations of which are incorporated herein by reference, the defendants, **RAMON GARCIA a/k/a "El Diablo,"** and **EMANUEL DE JESUS SOSA-LOPEZ, a/k/a "Hector Barajas," a/k/a "El Tuerto,"** shall forfeit to the United States of America (1) any property used and intended to be used, in any manner and part, to commit, and to facilitate the commission of, such offense, and (2) any and all property, and interest therein, constituting and/or derived from any proceeds obtained, directly or indirectly, as a result of the offense described in Count One of this Indictment, including, but not limited to, the following:

**MONETARY SUM***:*

1. The sum of five million dollars ($5,000,000) United States Currency, which amount represents the proceeds the defendant obtained, directly or indirectly, as a result of the offense described in Count One of this Indictment.

### SUBSTITUTE ASSETS

If any of the property described in item 1 of this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

**All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p).**

DATED:   Rochester, New York, November 7, 2006.

    TERRANCE P. FLYNN
    United States Attorney

By: S/Frank H. Sherman
    FRANK H. SHERMAN
    Assistant United States Attorney
    United States Attorney's Office
    Western District of New York
    100 State Street, Room 620
    Rochester, New York  14614
    (585) 263-6760, ext. 2234
    Frank.Sherman@usdoj.gov

A TRUE BILL:

S/Foreperson
FOREPERSON