UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

06-CR-6198L

v.

EMANUEL DE JESUS SOSA-LOPEZ,

Defendant.

_____

This Court referred all pretrial matters in this criminal case to United States Magistrate Judge

Marian W. Payson pursuant to 28 U.S.C. § 636(b).  The defendant, Emanuel De Jesus Sosa-Lopez

("Sosa-Lopez"), filed several motions: a motion to suppress photographic identification and a motion

to dismiss the indictment.  In addition, Sosa-Lopez moved for a bill of particulars.

Magistrate Judge Payson issued a thorough Report and Recommendation and a Decision and

Order (Dkt. #36) recommending that this Court deny the motions.  In a letter memorandum (Dkt.

#38), Sosa-Lopez filed objections to Magistrate Judge Payson's Report and Recommendation and

her Decision and Order.

In addition to Magistrate Judge Payson's Report and Recommendation and the objections

to it, the Court has reviewed the file, including the transcript of the argument relating to the request

for the bill of particulars, held on July 9, 2007, and the transcript of the suppression hearing

concerning the identification, held on August 13, 2007.  The Court has also reviewed a copy of the

6-person photographic lineup that was the subject of the suppression hearing.

MOTION TO DISMISS INDICTMENT.

Sosa-Lopez moves to dismiss the indictment.  Magistrate Judge Payson discussed the various

aspects of Sosa-Lopez's motion to dismiss the indictment and found all of them to be without merit.

I agree.  Magistrate Judge Payson clearly set forth the applicable law concerning motions to dismiss

an indictment, including motions to dismiss for alleged insufficiency of the evidence. Magistrate

Judge Payson also carefully considered the request to examine grand jury proceedings and found no

basis to do so.  In sum, I agree with Magistrate Judge Payson's conclusions concerning defendant's

motion to dismiss the indictment.

MOTION TO SUPPRESS PHOTOGRAPHIC IDENTIFICATION.

Sosa-Lopez challenges the identification as impermissibly suggestive.  Magistrate Judge

Payson, however, determined that there was no impermissible suggestivity after she heard testimony

at a suppression hearing concerning the circumstances surrounding the identification.  This Court

has had that transcript available for its review, as well.  I find no basis to reverse or modify the

Magistrate Judge's finding.

The hearing only focused on the issue of suggestivity and since the Court found none, there

was no need to determine if the witnesses had an independent basis or source for the identification.

There were two witnesses, described as confidential informants, who made the identifications.  Sosa-

Lopez's suggestions of suggestivity are based on nothing more than surmise and conjecture. The only witness who testified, Officer David Simpson, stated in clear terms how the photographic array was presented to the witnesses and Magistrate Judge Payson determined that there was no suggestivity whatsoever.

Magistrate Judge Payson carefully summarized the testimony as well as the applicable law concerning such challenges. I agree and adopt her conclusions.

BILL OF PARTICULARS.

In this narcotics conspiracy case, the Government conceded at oral argument that much of the voluntary discovery provided to defense counsel did not contain references to this defendant. On prompting by the Magistrate Judge, though, the Assistant United States Attorney described with some particularity the nature of the Government's case and a summary of some of the evidence relating to Sosa-Lopez's involvement. The prosecutor also indicated there would be testimony from several co-defendants or co-conspirators relating to drug activities in Chicago and Atlanta, in addition to Sosa-Lopez's knowledge of and apparent participation in a kidnaping of a drug dealer who owed money to those involved in the conspiracy.

It appears that both the Government and defense counsel acknowledged that much of the specific testimony would be disclosed at the time *Jencks* material was produced, either at trial or within a reasonable time before trial consistent with this Court's pretrial order.

I agree with Magistrate Judge Payson that based on the facts here and the Government's statements on the record, there does appear to be sufficient information for the defendant to

understand the nature of the charges against him and to prepare for trial.  The defense, of course,

would prefer to have the names of all the witnesses, as well as any statements made by them, but the

law does not require that.  The identification of witnesses and their statements will be available at

the proper time as provided by law and this Court's pretrial order.


CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge

Marian W. Payson (Dkt. #36).  Defendant's motion to suppress photographic identification and

motion to dismiss the indictment are denied.

I also affirm the Decision and Order of Magistrate Judge Payson denying defendant's request

for a bill of particulars.  Defendant's motion for a bill of particulars is denied.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       January 9, 2008.