UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                   <u>DECISION AND ORDER</u>

                                                   06-CR-6198L
                                                 12-CV-6649L

                      v.

EMANUEL DE JESUS SOSA-LOPEZ,

                        Defendant.
_____

       Defendant Emanuel De Jesus Sosa-Lopez ("Sosa-Lopez") was sentenced on his guilty plea principally to 240 months imprisonment on Count 1 pursuant to a plea agreement. Sentencing occurred on November 4, 2011. Sosa-Lopez did not appeal but approximately a year after sentencing moved for a reduction based on amendments to the Sentencing Guidelines for cocaine base, pursuant to 18 U.S.C. § 3582(c). That motion was made on November 2, 2012, and the Court denied it on November 14, 2012. Sosa-Lopez then filed the instant motion to vacate, pursuant to 28 U.S.C. § 2255, on November 21, 2012.

       The principal basis for the § 2255 motion is that Sosa-Lopez was provided ineffective assistance of counsel. The Court's scheduling order directed the Government to respond to the motion by January 13, 2013. By letter dated January 11, 2013 (Dkt. #91), the Government requests additional time to respond. In addition, the Government advises that it intends to obtain information from Sosa-Lopez's trial counsel in order to deal with the allegations made by Sosa-Lopez in the motion.

The Government's application is granted. Although the Government intends to elicit information from Sosa-Lopez's counsel that might otherwise constitute matters protected by the attorney-client privilege, by virtue of Sosa-Lopez's motion, the privilege is waived.

It is clear that claims made by Sosa-Lopez constitute a waiver of the attorney-client privilege. Complaints alleging ineffective assistance of counsel allow the responding party to explore the nature of the conversations between counsel and the accused to rebut allegations made in the present motion.

The Tenth Circuit in *United States v. Pinson,* 584 F.3d 972 (2009) recently summarized this well-established legal principle:

> When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. The Supreme Court's pathmarking ineffective-assistance case, *Strickland v. Washington,* itself hinted at this requirement. 466 U.S. 668, 691 (1984). ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions.").

*Id.* at 977-978.

The *Pinson* court concluded that "[g]iven the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *Id.* at 978. *See also Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) ("[A] party 'waives its attorney-client privilege when it injects into ... litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct'") (quoting *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)).

Because Sosa-Lopez has filed a motion challenging his former attorney's conduct and effectiveness, that attorney, Michael Patrick Schiano, is no longer bound to protect any so-called attorney-client communications, insofar as they are relevant to the claims made and defenses raised on account of Sosa-Lopez's motion to vacate. This waiver is not, of course, limited to conversations, but also includes any writings, memos, notes to the file, or similar materials that have a bearing on the issues raised in Sosa-Lopez's motion.

I therefore authorize and direct defense counsel to communicate with the Government on these matters and to provide the Government and the Court with an affidavit concerning the relevant circumstances, discussions and advice relating to defendant's decision to plead guilty and accept the 240 month sentence. I expect and anticipate that such an affidavit be filed within thirty (30) days of entry of this Decision and Order. The Government to respond thirty (30) days after the filing of materials received from attorney Schiano.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 15, 2013.