IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

EMANUEL DE JESUS SOSA-LOPEZ
ID# 56395-179
Federal Correctional Institution
P.O. BOX 5000
Oakdale, LA. 71463

Re: No. 12-CV-6649L

To: Office of the Clerk
U.S. District Courthouse Kenneth B. Keating
Fed. Building 100 State Street, Room 2120
Rochester, NY 14614

Dear Clerk:

    Please find attached to this letter (Notice) copies of
the letter's Petitioner sent to Mr. Michael Schiano while he
was representing him during his trial proceedings.

    This Notice is with the intent to expand the already
information Petitioner filed in his petition under &2255.

    For your kind assistance to this matter, thank you very
much.

Respectfully Submitted,

Emanuel De Jesus Sosa-Lopez
ID# 56395-179
Federal Correctional Institution
P.O. BOX 5000
Oakdale, LA. 71463

*Emanuel Sosa Lopez  2-27-13*

Petitioner, Pro se

## CERTIFICATE OF SERVICE

I, Emanuel De Jesus Sosa-Lopez, hereby certify under penalty of
perjury that the foregoing "NOTICE", is true and correct to the best of
my knowledge, understanding and belief. I further declare under penalty
of perjury 28 U.S.C. §1746, that true and correct copies of said motion
were addressed to:

Clerk, U.S. Distric Court
For the Western District of New York
Kenneth B. Keating
Federal Building 100 State Street, Room 2120
Rochester, NY 14614

Office of the U.S. Attorney
100 State Street Room 620
Rochester, NY 14614

Copies were deposited at the FCI mailbox on this 27 day of February
of 2013.

Emanuel De Jesus Sosa-Lopez

TO: Michael P. Schiano, Esq

FROM: Emanuel Sosa-Lopez #315407
Monroe County Jail
130 Plymouth Avenue South
Rochester, New York 14614-2213

DATE: 07 June 2011

RE: FEDERAL CASE

Dear Mr. Schiano;

I'm writing to you about my case. I didn't see or understand you why you didn't visit me or took my collect calls.

I pay you $20,000. and you didn't wrote or filed any motions that I know of. Mr. Schiano, I would like to see you.

Furthermore Mr. Schiano please see a motion to dismissal with prejudice, please check and filed a dismissal with prejudice. This is with according to 18 U.S.C. section 3161 et seq, Speedy Trial Act or I have to file my pro se motion, also if you want to you can step down for been attorney, so I can get

a Federal Public Defender to take my case and furthermore Mr. Schiano, I would also like a "itemize statement" for the $20,000.

I kindly await for your reply. I would like a reply within (20) twenty days. for a reply.

Very truly yours.

Emanuel Sora Lopez

cc: file

Por medio de la presente y en
consentimiento de todas mis facultades mentales yo
con mi nombre de "Hector Barajas Luna" con fecha
de nacimiento del 01-25-69.
Doy la autorización al señor abogado con nombre
Michael P Schiano quien trabaja en mi caso
que le haga entrega del discovery, como también
de todos los papeles legales sobre mi caso, a la
señora "Milna Porte" con dirección en la
calle 125 st Poul st Apt 826 de Rochester, N.Y. 14604
De la misma manera le pido por favor se le de
a ella toda la información sobre mi caso y
todo lo relacionado con lo que conmigo está
pasando.

Em: Hector Bijas L

Sworn to before me this ____ day
of __Octaber__ 200___

_____
Notary

GLORIA J. SANDS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6169539
Qualified in Yates County
Commission Expires January 16, 2015

Michael P. Schiano                                    12-14-10
315 Wilder Building
One East Main Street
Rochester N.Y. 14614


          Once again address to you with very much
respect, I would'nt want to disrespect you in
any way possible. Sending my letters to the
judge, explaining what you sir have been doing
with me, and with very much respect I address
you you've been fully paid for your services it is
for you to fight for me and this case, its not for
you to help the D.A.. I believe with your
profession and your professinal ethics, that you
sir as well are very educated As well that I
have paid, I have the right to call you and continue
answering my calls, as well for you to come make a
visit on your behalf, and as well I have the
right to ask for all of my legal papers about my
case and my discovery package.

          In the mean time I'm going to write to
the judge, explaining everything you have done for
me, and one to the supreme court of Justice. I
ask of you to get a date for my trial or sentences
as soon as possible. Or I will have to address to
the lawyers association or grievance comite to
explain the issue I have with you sir.

And with very much respect I address everything
that I'll write to the judge as well as for the lawyers
associations you sir are not giving me any more
options to do. just to write to them all and you
got paid for so you can defend me on my case
not for you to cause me damage. I'll be
waiting for your writ as soon as possible.


Thank you sir.


Emanuel Santrope

Hon. Judge David G. Larimore                    12-14-10
100 State Street.
Rochester N.Y. 14614

With very much respect I address to you once
again sir, on behalf of this letter to inform you sir, that
I really did'nt know judge that I can communicate
with you to inform you about my situation, and whats
been happening with me and what was Michael Schiano
doing. Theres a friend that told me I can write directly
to you and inform you about my situation, thats why I'm
writing and explaining with a few evidence of paper that
I have of a few letters that I have sent asking Mr. Schiano
for my legal papers about my case and my discovery package,
which judge till this day I have'nt recieved absolutely
nothing.

        I asked him before he took on my case if he had
the time for the job and able to defend me and fight my case
in which sir he said he would be able too do so, and the
only thing he has really done is damage me and as well my
family, for charging all of his services, and has never done
anything for me, this is why sir sinces 16 months ago I
asked him to return my money that he was paid for and
has never wanted to do so, on the abuse of my trust the same
has happen with Rudolph Cepone that as well did the same
taking money form my children.

One more thing I send to you sir to tell you, that during all this time lawyer schiaro never brought an interperter, who translated for me, was a friend that has been here with me here during my incarseration, another thing is that how is it possible that it took him 7 months to recreve my case information, knownly that lawyer vacca is in the same building where he has his office, if he continues to represent me sir is because I don't have the money to pay a lawyer his wages, and because he has'nt want to return my money as well as lawyer lepore, and if I'm telling you this sir is because my lawyer has been lying to me and manipulating me and my family only causing damage and stress.

As well I ask please with very much respect I ask to get an interpreter to translate this letter for you that I persurally wrote to my lawyer so you can know the truth about everything thats been going on and whats been happening. He has never worked my case only cause damage and thats why judge sir ask my god and tell him and yo sir to consider please, and give me my sentence. And if I send you any copy of any motions in my case is therefor he has'nt put my sir. Thats why sir I'm going to send a letter to the supreme court of justice explaning my case and whats been happening and what has happen are as well I wrote to the Grevance Committe...

May you recieve all the blessing for you and your precious family.

I would like to wish you happy Christmas and company of all your loved ones and a beautiful new year . . .

Sessions to me This 16
Day 7 December 2010

Emanuel Sosa Ln

Natalie J DeMarco
Notary Public State of New York
... 28
Commission Expires March 23, 20__

Lopez
130 S. Plymout Av.
Rochester. NY. 14614

Michael Schiano
315 Wilder Build.
One East. Main St.
Rochester. NY. 14614

Dear Mr. Schiano,

in virtue of a
contract of employment between
me and You; and by being me
the paying party. I want You
to write me a résumé of all
Your doings in my Case. Everything
that You have done. I also want
You to hand me a copie of the
plea agreement with the gov.

#2

If there is still an agreement
I demand a copie and If it
don't go anymore I want You
to write down a plan of
defense and precent it to me
as soon as posible.

A visit will be approppiate.

Thank You.

Sworn to me thes 1st  Att.
Day of March 2011

Norarose Demarco  Emanuel Sosa Lopez

Norarose J. DeMarco
Notary Public, State of New York
Reg. # 01DE5002228
County of Monroe
Commission Expires March 23, 20__

Emanuel Sosa Lopez

Emanuel Sosa Lopez
Monroe County Jail
130 Plymouth Avenue South
Rochester, New York 14614

Attorney for Pro se

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff.<br><br><br>V.<br><br><br>RAMON GARCIA, et al.<br>(EMANUEL SOSA LOPEZ)<br>Defendant | CASE NO: 6:06-cr-06198-DGL-MWP<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR VIOLATION OF 18 U.S.C. 3161<br><br>Date: _____, 20___<br>Time: _____ a.m./p.m.<br>Court: The Hon. Marian W. Payson |

### INTRODUCTION

Emanuel Sosa-Lopez, hereby requests that the Court dismiss with prejudice the indictment pending against him for violation of the Speedy Trial Act. Almost (4) four to (5) five years have run the Speedy Trial clock that were not excluded, and dismissal is therefore required by law. The dismissal should be with prejudice

defendant has suffered as a result of the lengthy proceedings against him, proceeding that began in federal court and have already been underway for over (4)four to (5)five years. A dismissal with prejudice would also best serve the Interests of the Administration of the Speedy Trial Act and Interests of Justice

## PROCEDURAL BACKGROUND

1. On November 07 2006 a SEALED SUPERSEDING INDICTMENT was filed on Ramon Garcia and Emanuel De Jesus Sosa Lopez Entered: November 11, 2006.

2. On November 28, 2006, Emanuel De Jesus Sosa Lopez was arrested in the Southern District of Texas by U.S Marshal Services. Filed on November 15, 2006 and Entered November 28, 2007.

3. On the date of arrest, Emanuel DeJesus Sosa Lopez initial appearance in Southern District Court for Texas on Criminal Docket Number: 6:06-cr-06198-DGL-MWP.

4. On numerous dates and time defendant Emanuel De Jesus Sosa Lopez appear in U.S District Court for the Western District for New York with his court-appointed attorney James P. Vacca, Esq.

5. Defendant appear on numerous matter for the court
Orders and Oral Arguments and Motion Hearing and Status
conference and Adjournment for Speedy Trial Act. with
court appointed attorney James P. Vacca, Esq.

6. On November 24, 2006, defendant appeared with a
new attorney Michael P. Schiano, Esq., to inform the
court of new attorney.

7. On numerous dates from November 24, 2006, defendant
appeared in court again with new attorney Michael
P. Schiano, Esq. for numerous court matters.

8. On numerous court dates defendant kept informing
his first attorney James P. Vacca, Esq and his new attorney
Michael P. Schiano, Esq, wishes to go to Trial.

9. Defendant again keep in appearing for Orders and Oral
Arguments and Motion Hearing and Status conference and
Adjournment for Speedy Trial Act. (SEE ATTACHMENT EXIBIT
A).

## ARGUMENT

1. MORE THAN 70 DAYS OF UNEXCLUDABLE TIME HAVE ELAPSED
   SINCE Emanuel De Jesus Sosa-Lopez ARRAIGNMENT

Speedy Trial Act. 18 U.S.C. 3161, provides that:
In any case in which a plea of not guilty, is entered, the
trial of a defendant charged in an information or

indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer the court in which such charge is pending, whichever date last occurs.

18 U.S.C. 3161 (B)(1) Time may be excluded from the 70 day period between arraignment and trial for specific periods of delay described in 18 U.S.C. 3161

If there has been a violation of the Speedy Trial Act, dismissal of the indictment is required. As the United States Supreme Court noted in United States v. Taylor, 487 U.S. 326, 332 (1988). The statute admits no ambiguity in its requirement that when such a violation has been demonstrated, the information or indictment shall be dismissed on the defendant. A district court application of the Speedy Trial Act is reviewed de novo. United States v. Hall, 181 F.3d 1057, 1061 (9th Cir. 1999).

Emanuel De Jesus Sera-Lopez was arraigned in federal court in the above-captioned case in Southern District Court for the United States District for Texas on November 21, 2006, then in the Western District Court for the United States District for New York on or about December of 2006. As of the date of the

filing of this motion (4) four to (5) five years have passed since the year of 2006 of arraignment. More then a 150 of those days were not excluded under any of the grounds set out in 18 U.S.C. 3161 (h). Therefore the indictment must be dismissed with prejudice.

The entire (4) four to (5) five year period violated Defendant Emanuel De Jesus Sosa-Lopez Speedy Trial Clock even with the excluded dates under 18.U.S.C. 3161 (h). In each stipulation the Court ordered that time be excluded based upon, among reasons, the complexity of the case pursuant to 18 U.S.C. 3161 (H)(8)(B)(ii). Each of the Courts finding of complexity set out a specific period that was covered by the finding, as it required under Ninth Circuit laws. See United States v. Clymer, 25 F.3d 824, 827 (9th Cir 1994) (finding of complexity to justify exclusions of time under Speedy Trial Act must be a specifically limited in time at); United States v Jordan, 915 F.2d 563, 565-66 (9th Cir. 1990) (accord). A finding of complexity only excludes from Speedy Trial Act calculations that time covered by the exclusion; it does not operate to stop the Speedy Trial clock indefinitely or at any time other that covered by the specific exclusion. See Clymer, 25 F.3d at 829 (Speedy Trial Act could be seriously distorted if a district court were able to make a single, open-ended ends of justice determination early in a case, which would

exempt the entire case from the requirements of the Speedy Trial Act altogether.) (quoting Jordan, 915 F.2d at 565-66).

While the complexity exclusions were limited in time, as required by Ninth Circuit law, they were not accompanied by any justification for the finding of complexity. The Speedy Trial Act.

A imposes strict specificity requirements for ends of justice exception. At United States v. Lloyd, 125 F.3d 1203, 1208 (9th Cir. 1997). Any exclusion pursuant to the ends of justice must be a justified (on the record) with reference to the facts as of the time the delay is ordered. At United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990). The court must state the specific factual circumstances at sufficient to justify the exclusion. United States v. Martin, 742 F.2d 512, 514 (9th Cir. 1984). With regard to each of these orders, there was no explanation of why the case was complex; the orders simply asserted that the case was complex.

Nonetheless, the entire period cannot be excluded on this ground. It would be necessary to determine at a hearing which of these days were properly excluded. Until that time, defendant reserves argument on how much time should be credited on how much time be credited to the Speedy Trial Clock during the period covered by stipulations.

In United States v. Haslett, 996 F.2d 646, 657 (9th Cir. 1993) court review of the relevant statutory and legislative materials

persuades us that the Speedy Trial Act does not permit the exclusion of all pretrial motion preparation time as a routine matter.

Only where there is a specific request for more pretrial motion preparation time than is routinely established by district court in this standard scheduling order may such preparation time excluded, and filing deadlines set by district judge do not qualify as "express designations" of excludable pretrial motion preparation time.

Once a hearing has been held on a motion and the parties have submitted any post-hearing briefs requested by the court 18 U.S.C. 3161 (h)(1)(J) limits the excluded period to (30) thirty days. See Henderson. v. United States, 476 U.S. 321, 329 (1986) (noting that district courts cannot use 18 U.S.C. 3161 (h)(1)(F) to bypass the (30) day limit of 18 U.S.C. 3161(h)(1)(J), but additional time excludable during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials.

Therefore. the Speedy Trial Act under 18 U.S.C. 3161 (h) been violated. the case must be dismissed with prejudice.

## II.  THE COURT SHOULD DISMISS THE CHARGES WITH PREJUDICE

The Speedy Trial Act remedy provision. 18 U.S.C. 3162 (a)(2) instructs, in relevant parts:

If a defendant is not brought to trial within the time required by 18 U.S.C. section 3161 (c) as extended by 18 U.S.C. 3161(h), the information or indictment shall be dismissed on motion of the defendant...... In determining whether to dismiss the case with or without prejudice, the court shall consider, circumstances of the case which led to the dismissal; and the impact of a reprosecution, on the administration of this chapter and on the administration of justice.

The decision to dismiss with or without prejudice is left to the guided discretion of the district court. United States v. Engstrom, 7 F.3d 1423, 1427 (9th Cir 1993). Neither remedy is given priority. Taylor, 487 U.S at 334 The district court must consider at least the three factors specified in 18 U.S.C. 3162 (a)(2) when exercising its discretion. Id at 333. The district court's factual findings are reviewed for clear error, including the court's finding in support of a decision to dismiss with or without prejudice. United States v Montero-Camargo, 177 F.3d. 113, 1119 (9th Cir 1999); Taylor, 487 U.S. at 336.

Considering the three factors set out in 18 U.S.C. 3162 (a) (2) and other factors relevant to the case, the Court should dismiss the charges against Emanuel De Jesus Sosa-Lopez with prejudice. The circumstances of the case which led to

dismissal, the seriousness of the delay in getting this case
to trial, and the impact of a reprosecution on the
administration of justice all militate in favor of dismissal
with prejudice. Nevertheless, seriousness of the offense
must be reconsidered in light of the other factors contained
in 18 U.S.C. 3162(a)(2). As the Ninth Circuit noted in United States
v. Clymer, 25 F.3d 824 (9th Cir. 1994), the seriousness of the
offense. (In Clymer, conspiracy to distribute). A must  be
weighed against the seriousness of the delay, as well as
the rest of the other two statutory factors at 25 F.3d at 821
(citations omitted).

Regarding the second factor, the court should consider
the sheer length of the period involved, a factor that
weights heavily in favor of dismissal with prejudice.
Defendant has been under federal indictment for more
than 450 days, defendant has been defending himself on
this case for over (4) four to (5) five years. In the federal
prosecution, the amount of time not excluded under
the Speedy Trial Act, taking a very conservative view
of the Speedy Trial clock. In Clymer, when faced with
a defendant who had been under indictment for nearly
a year and a half, roughly five months of which was not
excludable under the Act, a sheer length of the period
involved weights heavily in favor of a dismissal with
prejudice, at 25 F.3d at 821-22, quoting United States v

Stoufton, 791 F.2d. 17, 21 (2d Cir 1986). The Ninth Circuit held that a delay of five months strongly implicates the serious concerns articulated by Justice White in his concurring opinion in Baker v. Wingo, 407 U.S. 514 (1972), wrote:

> [I]nordinate delay between public charge and trial .... wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendants liberty, whether he is free on bail or not, and ..... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

407 U.S. at 537 (1972) (White, J., concurring) (quoting United States v. Marion, 404 U.S. 307, 320 (1971). This language was quoted approving by a majority of the Supreme Court in Taylor, 487 U.S. at 340-41.

Defendant has experienced all these forms of prejudice. For (4) four to (5) five years. He then spent over (4) four to (5) five years in detention at Monroe County Jail. He spent his life savings defending himself in the federal court, now his family has now expended substantial funds to support him during case and to represent him, defendant has suffered from the

substantial stigma that attaches to persons charged with these offenses. He and his family have experienced great anxiety as he has defended himself during these many years

The Supreme Court also noted in Taylor that the longer the delay, the greater the presumptive or actual prejudice to the defendant, in term of his ability to prepare for trial or the restrictions on his liberty. In Taylor, 487 U.S. at 340. The presumptive prejudice to defendant is great, because the delays violated defendant Speedy Trial Act.

Certainly, Congress did not envision this situation when it allotted only 30 days for the court to consider a motion. See 18 U.S.C. 3161(h)(1)(J). An order dismissing this case with prejudice would send a clear signal that the government cannot expect the Court to rule on motions within the Speedy Trial Act.

The Supreme Court noted in Taylor, A CITE is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce saluary changes in procedures, reducing pretrial delays at 487 U.S. at 342

Even had the government not directly contributed to the delay, its inaction in prosecuting the case and inattentiveness to the Speedy Trial clock warrant dismissal with prejudice. the purpose of the Speedy Trial Act is not only to protect a

defendant's constitutional right to a speedy trial, but also to serve the public interest in bringing prompt criminal proceeding. United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993) (citing United States v. Noone, 913 F.2d 28 (1st Cir. 1990)). Whenever the "government -- for whatever reasons -- falls short of meeting the Act's requirements, the administration of justice is adversely affected." United States v. Ramirez, 973 F.2d 36, 39 (1st Cir. 1992) (quoting United States v. Hastings, 847 F2d 920, 926 (1st Cir. 1988)) (finding that the legislative history of the Speedy Trial Act demonstrates its importance in assuring both the public and private interests in fair and expeditious trial of criminal cases)) While not all violations of the Speedy Trial Act warrant a dismissal with prejudice, the purposes of the Act would be thwarted if the government and the courts did not adjust their day-to-day procedures to comply with its requirements. See Clymer, 25 F.3d at 832. Dismissal with prejudice in this case would alert the government to exercise greater vigilance in monitoring the Speedy Trial clock. The government request to continue the Court, when the prosecutor claimed, demonstrates its lack of concern for speedy prosecution of cases

Finally, the unique history of this case also supports dismissal with prejudice. However, it is proper for the court

to consider this delay when considering the effect of a dismissal on the administration of justice.

A dismissal with prejudice in this case would help ensure that no one else is subjected to (4)four to (5)five delay.

## CONCLUSION

For the foregoing reasons, Emanuel DeJesus Sosa-Lopez respectfully requests that the court dismiss the above-captioned indictment with prejudice due to violation of the Speedy Trial Act, 18 U.S.C. 3161 et seq.

Dated: _____, 20___

Respectfully submitted,

_____

Emanuel DeJesus Sosa-Lopez
Attorney for defendant, Pro se

Con mucho respeto me dirijo yo otra vez mas con usted
por medio de esta carta para decirle yo a usted que
realmente señor juez, que yo no sabia que me podia
comunicar yo con usted para decirle todo lo que
conmigo estaba pasando, y se me estaba huiendo
a mi, por el abogado Michael Schiano. Pero se
me dijo por un compañero aqui que si lo podia
yo hacer, y es por eso que ahora le mando yo
decir todo a usted o al menos una parte, y
se lo mando decir con evidencia que son unas
pocas copias de muchas de las cartas q'yo le
mande a el pidiendole siempre mis papeles
sobre mi caso y mi discovery, preguntige, la cual
señor juez asta el dia de hoy no se me a entregado
absolutamente nada. Yo desde antes de que el tomara
mi caso yo le pregunte a el que si tenia el
tiempo para trabajar en el, y poder defenderme
y pelear en mi caso, lo cual señor me dijo el que
si lo haria, y lo unico que a logrado es hacerme
muncho daño a mi, como tambien a mi familia
cobrandoles todos sus servicios, y nunca ha hecho
el nada por mi, es por eso señor que yo hace
16 meses que le pedi me hiciera entrega
del dinero que se le pago y nunca quiso
hacerlo, y como el abuso de mi confianza
asi tambien lo hizo el abogado Rodolf Lepere
q'en tambien abuso de mi, quitandome el
dinero de mis hijos.

Otra cosa mas que le mando yo a usted decir, que durante todo el tiempo el Abogado Soruns nunca me dejo un interprete, si no quiero una interpretaba a mi era una de mis compañeros, que si encuentra aqui mismo en prision, otra de las cosas es que como es posible que haiga el dorado 7 meses para recibir los papeles sobre mi caso, siendo que el abogado Jim Vacca esta en el mismo edificio donde tambien el tiene su oficina, y si el me sigue representando todavia Señor, es porque yo no tengo el dinero para pagar los honorarios de otro abogado mas, porque el nunca me quiso hacer entrega de mi dinero, como tampoco el abogado Rodolf Lepere. Y si le mando decir todo esto Señor es porque mi abogado solo me ha mentido y me ha engañado a mi, asi mismo solo me a causado mucho daño a mi, como tambien a toda mi familia. Asi tambien le pido por favor y con mucho respeto que un interprete le traduzca la carta que yo personalmente le mando en español al abogado, para que usted sepa la verdad sobre de todas las cosas que yo le mando decir a el y de lo que el esta haciendo conmigo. Porque nunca trabajo mi caso, solo me causo mucho daño, es por eso Señor Juez que me encomiendo yo a mis dias, y le pido yo a usted me considere por favor. Y se llega de este mes mi sentencia

lucciones que el cardi en mi casa, es porque
lo lue tio el buligione señor.
Es por eso mismo señor, que le voy a mandar
una carta a la suprema corte de Justicia
explicandole yo todo mi caso, diciendole
todo lo que se me esta haciendo, y todo
lo que se me ha hecho. Así tambien le escribire
otra carta a Greivance commitee
        Mil gracias por su tiempo.

Reciba bendiciones para usted, y tambien
para toda su adorable familia.

        Le deseo una muy feliz Navidad
        en compañia de todos sus seres queridos
        y un bonito año nuevo

                Emanuel Sosa Lopez